*1050 OPINION.
Littleton:
The taxpayers in this appeal concede that, under the law, the partnership of Wistar, Underhill & Nixon and the Penn Sumpter Lumber Co. were not and could not have been affiliated during the years 1919 and 1920, but they contend that, notwithstanding that fact, the members of the partnership were, under the doctrine announced by the Supreme Court of the United States in Southern Pacific Co. v. Lowe, 247 U. S. 330, entitled to deduct from gross income in their individual returns, according to their interests in the partnership, the losses sustained by the corporation during the years involved herein. They also contend that the Commissioner erred in adding to the net income of the partnership for the fiscal year ended January 31, 1919, the amount of $5,722.87, which had been deducted on its return on account of excess profits tax paid in that year for the fiscal year ended July 31,1918; that he should have added only $4,806.67, the amount of excess profits tax which was finally determined to be due for the fiscal year ended January 31, 1918.
It is obvious from the foregoing that while the taxpayers expressly disclaim affiliation in name between the partnership and the corporation, they contend for affiliation in fact, since the result sought to be obtained is exactly that which would follow if affiliation were permitted. We can not agree with the taxpayer that the decision in Southern Pacific Co. v. Lowe, supra, is controlling or even in point here. That was a case involving two corporations, creatures of the same genus and merged in fact into a single entity. Furthermore, the point involved there was whether certain dividends declared by the Central Pacific Railway Co. in the year 1914, out of surplus accumulated prior to March 1, 1913, were taxable, the money out of which the dividends purported to have been paid having actually been, prior to March 1, 1913, in the possession of the Southern Pacific Co. which owned all of the capital stock of the Central Pacific Railway Co., and they being represented by mere bookkeeping entries designed to bring the books of the two companies in accord *1051 with the facts as they theretofore existed. The court held that the surplus accrued on the books of the Central Pacific Railway Co. prior to March 1, 1913, accrued to the Southern Pacific Co. prior to that date in every substantial sense and that the dividends were, therefore, not subject to tax. That case is entirely different from the instant appeals. Here we have a corporation and a partnership, one a legal entity, the other an association of individuals or entities. Under the Revenue Act of 1918, which was in effect during the years 1919 and 1920, affiliation or the merging of taxpayers for the purposes of taxation was required only in the case of two or more corporations, where certain conditions of ownership or control of stock existed, and it did not extend to any other class of taxpayers. We are convinced that the Commissioner could not legally require the merger of a partnership and a corporation for the purposes of taxation; and that which can not be required may not be permitted. These appeals are identical in principle with the Appeal of Winthrop Ames, 1 B. T. A. 63. In that appeal the Board held that—
A taxpayer owning all of the stock of a corporation, not a personal service corporation, may not deduct under the Revenue Act of 1918, as losses sustained in the business or as debts ascertained to be worthless, advances made to such corporation in the amount of the losses actually sustained by the corporation during a year so long as the corporation has net assets from which recovery in part is possible.
It follows that the action of the Commissioner in refusing to permit the taxpayers to deduct from gross income on their individual returns the losses sustained by the Penn Sumpter Lumber Co. during the years 1919 and 1920 must be approved.
With respect to the second question presented, the evidence establishes that the partnership of Wistar, Underhill & Nixon paid during the fiscal year ended January 31, 1919, the amount of $5,122.87 on account of excess profits tax due for the fiscal year ended January 31, 1918, and deducted that amount from gross income. The Commissioner disallowed the deduction and increased the taxpayers’ net income as reported by the amount of the deduction. Subsequently it was determined that the correct amount of excess profits tax due from the partnership for the fiscal year ended January 31, 1918, was $4,806.67, and the excess of the amount paid over the amount that should have been paid was refunded to the partnership. The taxpayers contend that the Commissioner should have increased the partnership’s net income only by the amount of tax finally determined to be due.
*1052 We are of the opinion that the taxpayers are clearly in error. The partnership was not entitled to deduct on its return for the fiscal year ended January 31,1919, any amount on account of excess profits tax paid in that year for the fiscal year ended January 31, 1918. Whether or not the amount deducted was the correct amount of tax due for the fiscal year ended January 31, 1918, makes no difference here. The partnership’s income on its return was erroneously decreased by the amount of the deduction taken and it was the duty of the Commissioner to disallow the entire deduction and increase the partnership income by the amount thereof, regardless of the amount of tax actually paid or that might thereafter be determined to be due.